IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00934-DDD-CYC

RAMALES PHOTOGRAPHY LLC,

     Plaintiff,

v.

VAIL EN ESPANOL, INC.,

     Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Cyrus Y. Chung, United States Magistrate Judge.**

According to plaintiff Ramales Photography LLC's complaint, defendant Vail en

Espanol, Inc. copied a photograph the plaintiff owned of Madonna without the plaintiff's

permission and displayed the photograph on its website. After being served with this lawsuit, the

defendant never took action to defend it. The plaintiff therefore moves for a default judgment.

ECF No. 27. Because the complaint's allegations, taken as true, straightforwardly prove the

elements of direct copyright infringement, the Court recommends granting the motion.

### BACKGROUND

According to the complaint, whose factual allegations the Court accepts as true for this

motion, *McCabe v. Campos*, No. 05-cv-00846-RPM-BNB, 2008 WL 576245, at *2 (D. Colo.

Feb. 28, 2008), on June 20, 2019, Felipe Ramales published a photograph he took of the

American singer Madonna (the "Photograph"). ECF No. 1 ¶¶ 2, 12. Seven weeks later, he

registered the Photograph with the United States Copyright Office. *Id*. ¶ 14. The plaintiff

subsequently acquired the rights to the Photograph. *Id.* ¶ 16.

1

The defendant displayed an exact copy of much of the Photograph on its website as part of an online story on September 15, 2020 without the plaintiff's permission. *Id.* ¶¶ 3–4, 24–31, 49–55; *compare* ECF No. 1-1 *with* ECF No. 1-2. It remained on the website as of the filing of this lawsuit. ECF No. 1 ¶¶ 37, 47. Use of the photograph brought increased traffic to the defendant's website and, in turn, increased advertising revenues. *Id*. ¶ 40.

On March 24, 2025, the plaintiff filed suit. ECF No. 1. Its complaint asserts a single claim of copyright infringement in violation of the Copyright Act, 17 U.S.C. § 106. ECF No. 1 ¶¶ 49–58. The defendant never answered and, accordingly, the plaintiff moved for default judgment. ECF No. 15. The Court denied that initial foray without prejudice for failure to establish proper service on the defendant. *Ramales Photography LLC v. Vail en Espanol, Inc.*, No. 25-cv-00934-DDD-CYC, 2025 WL 4354388, at *3 (D. Colo. Dec. 30, 2025), *recommendation adopted*, 2026 WL 510378 (D. Colo. Jan. 15, 2026).

The plaintiff then served a copy of the summons and complaint on the defendant's registered agent at the defendant's principal place of business. ECF No. 21. That prompted no further response from the defendant, and the plaintiff moved for a clerk's entry of default. ECF No. 24. The Clerk of the Court obliged. ECF No. 25.

This motion followed, ECF No. 27, and the district judge referred it to the undersigned. ECF No. 28.

### **ANALYSIS**

The defendant moves for default judgment. "When a plaintiff applies for default judgment, the court undertakes a three-step analysis. First, the court must determine whether it has subject-matter jurisdiction over the action and personal jurisdiction over the defaulting defendant." *Martinka v. WooWho Network, Inc.*, No. 1:25-CV-01078-GPG-SBP, 2026 WL

950476, at *3 (D. Colo. Mar. 2, 2026), *recommendation adopted*, 2026 WL 951684 (D. Colo. Mar. 18, 2026). "Second, the court must confirm that the well-pleaded allegations in the complaint state a claim upon which relief may be granted." *Id.* "Third, the court evaluates the moving party's claim for damages." *Id.* The analysis therefore begins with jurisdiction.

## I.        Jurisdiction

The jurisdictional inquiry entails examining both subject matter jurisdiction and personal jurisdiction. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). As to the former, 28 U.S.C. § 1331 gives federal "district courts . . . original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.§ 1338(a) also endows "district courts" with "original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights." The Copyright Act is both a federal law and a congressional act relating to copyrights. *See Bittichesu v. Premier Renewables LLC*, No. 23-cv-00340-CNS-KLM, 2023 WL 4847584, at *2 (D. Colo. July 28, 2023). Subject matter jurisdiction therefore exists.

A plaintiff seeking default judgment bears the burden of establishing personal jurisdiction "through a prima facie showing based on the well-pleaded allegations of the Complaint and other record materials, which the court accepts as true to the extent they are uncontroverted." *Martinka*, 2026 WL 950476, at *4. "[S]ervice of process is a procedural prerequisite to the exercise of personal jurisdiction over a defendant." *Schmidt v. Suschinsky*, No. 23-cv-01934-NYW-MDB, 2025 WL 50289, at *3 (D. Colo. Jan 8, 2025). It is present here.

A plaintiff may serve a corporation with process "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1). That rule permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction

3

in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Under Colorado law, a corporation can be served "by delivering a copy [of the summons and complaint] to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or of any other jurisdiction, or that agent's secretary or assistant" or an officer, officer's secretary, or officer's assistant. Colo. R. Civ. P. 4(e)(4).

Here, a deputy sheriff delivered the summons and a copy of the complaint to Scherezada A. Milfeld, the defendant's registered agent, at the defendant's principal address, 982 June Creek Rd., Edwards, CO 81632. ECF No. 21; ECF No. 27-5 at 2. That suffices.

Once proper service has been effectuated, a court must also ensure exercising jurisdiction does not offend constitutional due process requirements. *Dudnikov v Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 326 (1945)). "[T]he paradigm forum for the exercise of general jurisdiction" over a corporation is the place in which "the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A., v. Brown*, 564 U.S. 915, 924 (2011). A corporation is at home in its place of incorporation or principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look any further." *J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048, 1058 (D. Colo. 2021) (citing *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008)). The complaint alleges that the defendant is a Colorado corporation with a principal place of business in Colorado. ECF No. 1 ¶ 6; ECF No. 27-5 at 2. No more is necessary. Personal jurisdiction exists.

## II.    Merits

Having established jurisdiction, the next question is whether the plaintiff should be granted its requested relief. "Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a default judgment." *Miller v. Okla. Dep't of Human Servs.*, No. 23-6119, 2024 WL 2828863, at * 3 n.3 (10th Cir. June 4, 2024). "A plaintiff first must obtain an entry of default under Rule 55(a), generally from the clerk . . . ." *Id.* That rule provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The clerk has done so here. ECF No. 25.

Following the entry of default, a plaintiff "then must move for a default judgment under Rule 55(b)," *Miller*, 2024 WL 2828863, at *3 n.3, which provides that, except in certain circumstances not present here, a "party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). "[A] party is not entitled to entry of default judgment as a matter of right." *Greenwich Ins. Co. v. Daniel L. Firm*, No. 07-cv-02445-LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn. Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)). Instead, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment." *Id.* at *1. "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *McCabe*, 2008 WL 576245, at *2 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). "The Court also accepts as true the undisputed facts alleged in affidavits and exhibits." *Malluk v. Berkeley Highlands Prods.*, 611 F. Supp. 3d 1134, 1137 (D. Colo. 2020). The facts must provide sufficient information to conclude that the plaintiff is entitled to relief. *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016).

Here, the plaintiff's claim arises under the Copyright Act. That Act gives the "owner of a copyright . . . the exclusive right to do and to authorize . . . in the case of . . . pictorial [works]" the "display [of] the copyrighted work publicly." 17 U.S.C. § 106(5). "Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright." *Id*. § 501(a). "There are two elements to a copyright-infringement claim: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). The plaintiff bears the burden of proof on both elements. *Id.* It satisfies that burden here.

As to the first element, "Plaintiff alleges it owns the copyright to the subject" Photograph, *see* ECF No. 1 ¶ 16, "and provides the registration number, publication date and registration date for the" Photograph. *Purzel Video GmbH v. Biby*, 13 F. Supp. 3d. 1127, 1137 (D. Colo. 2014); *see* ECF No. 1 ¶¶ 12–16; ECF No. 27-6 at 6–8. No more is necessary. *Purzel*, 13 F. Supp. 3d. at 1137.

As to the second, the plaintiff alleges that the defendant displayed an exact copy of much of the Photograph on its website without the plaintiff's authorization to do so. ECF No. 1 ¶¶ 4, 25, 27, 29; ECF No. 1-1; ECF No. 1-2. Such allegations set forth an adequate claim for copyright infringement.

### III.    Damages

That leaves the issue of damages. The plaintiff requests statutory damages for willful infringement, attorney's fees of $840, $445 in costs pursuant to Federal Rule of Civil Procedure 54(d), and post-judgment interest under 28 U.S.C. § 1961. ECF No. 27 at 1. The Court addresses those requests in turn.

A court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to …

determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). But where the amount of

damages sought is a liquidated amount or capable of mathematical calculation, no hearing is

necessary. *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). "Generally, statutory

damages are considered capable of calculation and may be awarded in a default judgment if

properly supported in the motion. *Garcia Gutierrez v. Puentes*, 437 F. Supp. 3d 1035, 1040

(D.N.M. 2020). No hearing is therefore required here.

### A.  Statutory Damages

"[A]n infringer of a copyright is liable for either (1) the copyright owner's actual

damages and any additional profits of the infringer . . .; or (2) statutory damages." 17 U.S.C.

§ 504(a). The latter category ranges from "a sum of not less than \$750 or more than \$30,000 as

the court considers just" if the infringement is not willful. *Id.* § 504(c)(1). With willful

infringement, "the court in its discretion may increase the award of statutory damages to a sum

of not more than \$150,000." *Id.* § 504(c)(2). Statutory damages do not "merely compel[ ]

restitution of profit and reparation for injury but also [are] designed to discourage wrongful

conduct," *F.W. Woolworth Co. v. Contemp. Arts, Inc.*, 344 U.S. 228, 233 (1952), and "courts

must put defendants on notice that it costs less to obey the Copyright Act than to violate it."

*Girlsongs v. 609 Indus., Inc.*, 625 F. Supp. 2d 1127, 1131 (D. Colo. 2008) (citation omitted).

Here, the plaintiff seeks statutory damages totaling \$30,000. ECF No. 27 at 1. A

threshold requirement for statutory damages is that the copyright owner must register the

material within three months of the first publication. *See* 17 U.S.C. §§ 408, 412. That

requirement is met here. ECF No. 1 ¶¶ 12, 14, 51.

Taking the plaintiff's allegations as true, *McCabe*, 2008 WL 576245, at *2, there is enough in the well-pleaded complaint to support a finding that the defendant was acting with reckless disregard for the plaintiff's rights, based on the defendant's commercial status, lack of internal copyright verification policies, and oversight of its website content. ECF No. 1 ¶¶ 17–23. That "underscore[s] the need for a damages award sufficient to deter similar conduct." *Martinka*, 2026 WL 95-476, at *8. Indeed, there is even evidence of willfulness: on February 16, 2023, the plaintiff served the defendant a letter seeking to address the infringement, but the defendant did not respond and continued to display the photograph on its website. ECF No. 1 ¶¶ 45, 47; *see Dallas Buyer's Club, LLC v. Cordova*, 81 F. Supp. 3d 1025, 1035 (D. Colo 2015) (holding that plaintiff's allegations that defendant was informed both before and during the litigation of the allegations and yet defaulted supported willful infringement damages).

But it is unnecessary to resolve whether the higher threshold applies. Balancing the nature of defendant's business; the commercial context of the photograph's unauthorized use; the defendant's subsequent default; and the lack of specificity regarding licensing fees, lost profits for plaintiff, and increased profits for the defendant, a statutory award of $15,000 is just. *See Martinka*, 2026 WL 950476, at *8. The plaintiff argues for the maximum non-willful amount of $30,000, ECF No. 27-1 at 5, but a court must exercise caution before "rubber stamp[ing]" maximum statutory damages in the name of deterrence. *Malluk*, 611 F. Supp. 3d at 1140. Furthermore, the plaintiff cannot make a compelling claim for damages based on deterrence value alone, *id*., or at all, because it provides no evidence of licensing fee costs or profits from the defendant's unauthorized use of the photograph. *Cf. Girlsongs*, 625 F. Supp. 2d at 1132 (D. Colo. 2008) (awarding statutory damages amounting to nearly three times the cost of potential licensing fees if defendant had complied with the Copyright Act). $15,000, in short, is enough.

**B. Attorney's Fees, Costs, and Post-Judgment Interest**

The Copyright Act provides that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The plaintiff seeks $840 in attorney's fees. ECF. No. 27 at 1. The Declaration of Craig B. Sanders includes explanation of Sanders's hourly rate of $525 and a breakdown of time spent on this matter. ECF No. 27-2 ¶ 14. Counsel certifies that the hourly rate is consistent with rates previously approved by this court. *Id*. (citing *Stockart.com, LLC v. Engle,* No. 10-cv-00588-MSK-MEH, 2011 WL 10894610, at *17 (D. Colo. Feb. 18, 2011)). Based on the filings in this case and the requested fees, mindful that courts "need not, and indeed should not, become green-eyeshade accountants," *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quotation marks omitted), the requested attorney's fees are reasonable. The Court therefore recommends awarding the plaintiff $840 in attorney's fees.

As for costs, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The plaintiff requests costs of $405 for the court filing fee and $40 for the service cost. ECF No. 27-2 ¶ 15. These are reasonable. *See Martinka*, 2026 WL 950476, at *8. The Court therefore recommends awarding the plaintiff $445 in costs.

The plaintiff also seeks post-judgment interest "at the statutory rate until paid." ECF No. 27 at 1. Pursuant to 28 U.S.C. § 1961(a), "[i]interest shall be allowed on any money judgment in a civil case recovered in a district court." Because the Court recommends entering a monetary damages award, it also recommends awarding the plaintiff post-judgment interest from the date judgment is entered at the rate set in 28 U.S.C. § 1961. *See Einstein Bros. Bagel Franchise Corp. v. J.F.C. Mgmt. Holdings*, *LLC*, No. 24-cv-003344-CNS-SBP, 2025 WL 1771592, at *10 (D. Colo. June 9, 2025).

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS**[1]

- that the Plaintiff's Amended Motion for Default Judgment, ECF No. 27, be

  **GRANTED**;

- that the defendant be ordered to pay the plaintiff a total of $15,000.00 in damages,

  $840 in attorney's fees, and $445 in costs as detailed above; and

- that the defendant be ordered to pay the plaintiff post-judgment interest under 28

  U.S.C. § 1961.

Respectfully submitted this 26th day of June, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.

10